

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-87,967-01 AND WR-87,967-02

**EX PARTE WARREN TYRONE CALHOUN, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W15-52259-N (A) AND W 15-52260-N (A)
IN THE 195TH DISTRICT COURT
FROM DALLAS COUNTY**

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to two charges of possession with intent to deliver a controlled substance in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty-five years' imprisonment in both cases, to run concurrently with each other and with an eighteen-year sentence for a new aggravated robbery conviction.

Applicant contends that he was denied his right to appeal from the adjudications in these two

cases. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court conducted a live habeas hearing at which Applicant and his trial attorney testified.

The trial court has determined that no notices of appeal were filed after adjudication in these two cases, despite the fact that Applicant did not waive his right to appeal and never expressed a desire not to appeal. It appears from the record that Applicant may have believed that by signing the trial court's certifications of his right to appeal, he was initiating the appellate process in these two cases and was represented by the same appellate attorney who had been appointed to represent him on the appeal from his aggravated robbery conviction.

We find that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. W15-52259-N (A) and W 15-52260-N (A) from the 195th District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notices of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 10, 2018
Do not publish